IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDREW DAVENPORT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00836-O-BP |
| § | |
| KILOLO KIJAKAZI[1], § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Andrew Davenport ("Davenport") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for supplemental security income ("SSI") under Title II of the Social Security Act ("SSA"). ECF No. 1. Before the Court are the Plaintiff's Motion for Summary Judgment filed on April 30, 2021 (EFC No. 26), Defendant's Response filed on June 1, 2021 (ECF No.27), and Plaintiff's Reply Brief filed on June 16, 2021 (ECF No. 28). After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Plaintiff's Motion for Summary Judgment (ECF No. 26), and **AFFIRM** the Commissioner's decision.

**I.    STATEMENT OF THE CASE**

Davenport was born on June 15, 1995 and was 22 years old on the alleged disability onset date. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 24-1 at 24.  Davenport was categorized as

---

[1] The previously named defendant in this action was Andrew Saul. On July 9, 2021, Kilolo Kijakazi was appointed as Acting Commissioner of Social Security. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kilolo Kijakazi "is automatically substituted as a party."

a younger individual and remained in this category through the date of his hearing before the Administrative Law Judge ("ALJ"). *Id*. Davenport has at least a high school education and is able to communicate in English. *Id.*

Davenport filed for SSI on January 24, 2018, alleging that his disability began on that date. Tr. 16. The Commissioner initially denied Davenport's claims on May 5, 2018, and denied them again upon reconsideration on October 11, 2018. *Id.* Davenport requested a hearing, which was held before ALJ Brock Cima on September 12, 2019, in Fort Worth, Texas, with Michael L. Driscoll, an impartial vocational expert ("VE"), Davenport, his father, Stephen Davenport, and his attorney present. *Id.* The ALJ issued an unfavorable decision on October 21, 2019, finding that based on the application for SSI, Davenport was not disabled. Tr. 24-25.

The ALJ employed the statutory five-step analysis and established during step one that Davenport had not engaged in substantial gainful activity since January 24, 2018. Tr. 18. At step two, the ALJ determined that Davenport has the severe impairments of degenerative disc disease of the cervical spine, cervical scoliosis, thoracic scoliosis, and Kippel-Feil syndrome. *Id.* At step three, the ALJ found that Davenport's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 20. In particular, the ALJ concluded that Davenport retained the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 CFR 416.967(b)." *Id.* At step four, the ALJ found that Davenport does not have any relevant past work. Tr. 23-24. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Davenport can perform and that therefore Davenport is not disabled. Tr. 24

The Appeals Council ("AC") denied review on June 24, 2020. Tr. 4. The ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v.*

*Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1545(a)(1). Fifth, impairments must prevent

the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197-98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

Davenport raises only one issue in this proceeding. He claims that substantial evidence does not support the ALJ's RFC determination that he could perform light work without postural or manipulative limitations. ECF No. 26 at 3.

Davenport argues that the ALJ erred by rejecting the opinions of treating physician Robert Viere, M.D., ("Dr. Viere") concerning Davenport's postural and manipulative limitations. *Id.* at 8. He further argues that the ALJ did not adequately consider the opinion of State Agency Medical Consultant ("SAMC") Scott Spoor, M.D., that Davenport was "restricted to no more than occasional overhead reaching bilaterally and has additional postural limitations." *Id.* Finally, he argues that the ALJ substituted his own medical judgment for the medical evidence of Dr. Viere and the SAMC. *Id*. at 10. In response, the Commissioner argues that substantial evidence supports the RFC determination, as demonstrated by both the medical and non-medical evidence contained in the record. ECF No. 27 at 4-5.

By definition, a claimant's RFC is the most the claimant can still do despite the claimant's impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2020). The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-cv-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ

5

considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 416.945.

In determining a claimant's physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id.* at § 416.945(b). In determining the claimant's mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* at § 416.945(c). The ALJ uses what is known as the "paragraph B criteria" to rate the degree of the claimant's mental limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* at § 416.920a; *see id.* Part 404, Subpart P, Appendix 1. Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 416.945(d). As will be shown below, the ALJ properly considered all of Davenport's functional limitations.

Davenport asserts that "the ALJ substituted his own medical judgment to reject all medical opinion evidence of record with regard to the Plaintiff's nonexertional limitations." ECF No. 26 at 10. Davenport contends that the ALJ accepted only certain parts of the medical opinions and ignored the other parts of the opinions. *Id.* at 9-10. Davenport argues that substantial evidence does not support the ALJ's RFC determination. *Id.* at 10. Davenport's argument is not persuasive on the facts of this case.

When determining the extent of a claimant's ability to do physical and mental work activities, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. § 416.945(a)(3). Davenport has not shown a lack of credible evidence or medical findings that support the ALJ's RFC finding. Davenport argues that the opinions of Dr.

6

Viere and the SAMC support his assertion that the RFC should have included postural and manipulative limitations. ECF No. 26 at 8. However, to upset the ALJ's decision, the plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist. *Newton*, 209 F.3d at 453. The ALJ cited numerous examination records in his decision, including those cited by Davenport. Tr. at 20-23. The ALJ noted that Davenport's normal use of his upper and lower extremities and his normal reflexes, sensation, and gross motor function. Tr. 22. Additionally, the ALJ noted that Davenport "denied any pain radiating into the upper extremities." *Id.* As noted above, Davenport must demonstrate a lack of substantial evidence to overturn the ALJ's decision, not simply other evidence that contradicts the ALJ's conclusion. Davenport's disagreement with the ALJ's RFC finding does not meet his burden here, and reversal of the ALJ's decision is not required on this point.

## IV.   CONCLUSION

Because the ALJ employed the correct legal standards and substantial evidence supports his decision, Davenport has failed to show that reversal of the ALJ's decision is required. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Plaintiff's Motion for Summary Judgment (ECF No. 26), and **AFFIRM** the Commissioner's decision.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2020) and Fed. R. Civ. P. 72(b)(1) (2020). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings,

conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on July 28, 2021.

                                                 Hal R. Ray, Jr.
                                                 UNITED STATES MAGISTRATE JUDGE